24CA0521 Peo in Interest of CAP 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0521
Costilla County District Court No. 21JV2
Honorable Crista Newmyer-Olsen, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of C.A.P. and G.U.P., Children,

and Concerning:

S.A.W.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE WELLING
Brown and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024.

---

Rebecca N. Rian, Assistant County Attorney, Alamosa, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem for C.A.P.

Debra Dodd, Guardian Ad Litem for G.U.P.

Lindsey Parlin, Office for Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1    In this dependency and neglect action, S.A.W. (mother) appeals the judgment terminating her parent-child legal relationships with C.A.P. and G.U.P. (the children).  We affirm.

## I.    Background

¶ 2    The Costilla County Department of Social Services (the Department) filed a petition in dependency and neglect, alleging that the children had been exposed to domestic violence and were being negatively affected by mother's mental health and substance use.  Initially, the children were placed with father on a safety plan, but after a month the juvenile court granted temporary custody to the Department and entered a protective order requiring supervised family time.  The court later determined that the children's health and safety required additional restrictions on mother's family time.

¶ 3    The juvenile court adjudicated the children dependent and neglected and adopted a treatment plan for mother.  About a year after the petition was filed, the guardian ad litem moved to terminate mother's parental rights.

¶ 4    The juvenile court denied the first motion to terminate parental rights after finding the Department didn't make reasonable efforts to reunite the family.  The court found that, although mother

had been "largely noncompliant" with her treatment plan, the court was unclear "whether her lack of compliance [was] based upon her own refusals or whether it [was] related to simply not having the appropriate services in place given her extreme needs." In the order denying termination, the court gave the Department specific instructions to cure the reasonable efforts concerns. Among other things, the Department had to create an amended treatment plan that was individualized for mother and which identified specific services to support mother in addressing the treatment plan objectives. The Department did so, and an amended treatment plan was adopted by the court twenty-two months after the petition was filed.

¶ 5 The juvenile court ordered that mother should have six months to demonstrate substantial compliance with the amended treatment plan. Almost a year after the amended treatment plan had been adopted, the Department moved to terminate mother's parental rights. Three years after the petition was filed, the court granted the motion after a contested hearing.[1]

---

[1] Father relinquished his parental rights and isn't a party to this appeal.

## II.    Reasonable Efforts

¶ 6    On appeal, mother contends that the juvenile court erred by finding the Department made reasonable efforts.  We aren't persuaded.

### A.    Standard of Review and Applicable Law

¶ 7    The reasonable efforts standard requires the Department to exercise diligence to reunify the family, generally by providing services identified in the parent's treatment plan so that the parent can become fit.  *See People in Interest of S.N-V.*, 300 P.3d 911, 915 (Colo. App. 2011); §§ 19-1-103(114), 19-3-100.5, 19-3-604(2)(h), C.R.S. 2024.  Services provided in accordance with section 19-3-208, C.R.S. 2024, satisfy the reasonable efforts standard.  *People in Interest of S.Z.S.*, 2022 COA 133, ¶ 13; § 19-1-103(114).

¶ 8    Whether a department satisfied its obligation to make reasonable efforts is a mixed question of fact and law.  *People in Interest of A.S.L.,* 2022 COA 146, ¶ 8.  Therefore, we review the juvenile court's factual findings on the issue for clear error but review de novo the court's legal determination, based on those findings, as to whether a department satisfied its reasonable efforts obligation.  *Id.*

## B.    Analysis

¶ 9     Mother contends that the juvenile court erred by finding that she was unfit because the Department didn't make reasonable efforts.  In support of her claim, mother asserts that the Department didn't provide her with "several services identified in section 19-3-208(2)(b)."  But we aren't aware of, and mother doesn't provide, support for her assertion that a department must provide every service included in the Children's Code.  *See S.N-V.*, 300 P.3d at 915 (when evaluating whether a department made reasonable efforts, the court should consider whether the provided services were appropriate to support the parent's treatment plan); *see also People in Interest of My.K.M. v. V.K.L.*, 2022 CO 35, ¶ 33 (a department may "prioritize certain services or resources to address a family's most pressing needs in a way that will assist the family's overall completion of the treatment plan").

¶ 10    In any event, the juvenile court found that the Department made reasonable efforts after the first termination motion was denied.  The court found that the Department had "done simply all [it] can do to give [mother] a reasonable and fair opportunity" to maintain her parental relationships with the children.  The court

found that there were "repeated referrals" for appropriate services but, importantly, mother stopped participating in the case after the amended treatment plan was adopted.

¶ 11 The juvenile court's factual findings are supported by the record. After the court denied the first termination motion, the Department provided updates detailing what efforts it was making to support the new treatment plan objectives. At the second termination hearing, the caseworker summarized these efforts, testifying that the Department made referrals for individual therapy, therapeutic family time, substance abuse treatment, domestic violence treatment, and anger management. The caseworker testified that she gave mother housing applications and made calls with mother to get her on the waiting list for housing, but mother "never followed through with trying to get housing." The Department also made referrals for substance monitoring and offered mother transportation to complete urinalysis testing. Furthermore, both the caseworker and the caseworker's supervisor testified that they encouraged mother to participate in services and regularly reached out to her through phone calls, texts, and emails. Despite these efforts, mother discontinued her individual therapy,

stopped providing urinalysis samples ten months before the termination hearing, and didn't participate in the other services offered by the Department as part of the amended treatment plan.

¶ 12    Mother doesn't identify which additional services she believes the Department should have provided to her as part of her amended treatment plan.  Nor does she provide record support for her contention that the caseworker admitted to making "no efforts" to resume mother's family time.  *See People in Interest of D.B-J.*, 89 P.3d 530, 531 (Colo. App. 2004) (stating that where an appellant doesn't identify supporting facts, make specific arguments, or set forth specific authorities to support a contention, the contention is not properly before the appellate court and will not be addressed).

¶ 13    Mother claims that, if the Department had done more, she "would have been making progress surrounding her treatment plan objectives and would have been able to have contact with her children."  But the juvenile court found that mother didn't participate in therapeutically supervised family time with the older child, even though it was available to her.  True, family time with the younger child was suspended at the time of the termination hearing.  As part of the termination judgment, the court found that

6

mother didn't engage in her treatment and, as a result, "the court simply did not ever get to a point where [it] thought that [family time with mother] was safe and appropriate for [the younger child]" so that the protective order could be amended. Here, the court appropriately considered mother's lack of participation in services and court proceedings when it determined the Department made reasonable efforts. *See People in Interest of A.V.*, 2012 COA 210, ¶ 12; *see also People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011) (a parent is ultimately responsible for using the provided services to obtain the assistance needed to comply with the treatment plan). As discussed above, the record supports the juvenile court's findings that the lack of family time was due to mother's nonengagement, and not a lack of reasonable efforts by the Department.

¶ 14    To the extent that mother contends that the Department failed to provide appropriate services to the children to support their availability for family time, we aren't persuaded. At the time of termination, G.U.P. was nine years old and C.A.P. was almost six years old. The caseworker testified that both children had high needs. The caseworker testified that G.U.P. was placed in a

therapeutic foster home, where he was receiving "intensive care." G.U.P.'s placement provider testified that he attended an affective needs program at school and attended both individual and family therapy to address his emotional and mental health needs. C.A.P.'s placement provider testified that he was seen by a team of specialists to address his high medical needs. C.A.P. received extra support at school as well as play therapy, occupational therapy, and speech language therapy. Mother doesn't suggest what additional services could or should have been provided to support her children's needs. And, in any event, the record demonstrates that it was mother's nonengagement, and not the children's high needs, that prevented her from participating in family time with the children.

¶ 15 Considering both the court's findings and mother's unsupported assertions, we agree with the juvenile court's conclusions that the Department made reasonable efforts to rehabilitate mother and reunify the family. Thus, we discern no error.

## III.    Disposition

¶ 16 The judgment is affirmed.

JUDGE BROWN and JUDGE MOLUTRIE concur.